**14 CV 6501**

Thomas M. Grasso, Esq.
Law Offices of Thomas M Grasso LLC
8 Willow Street
Cranford, New Jersey 07016-1855
Tel: 908-514-8850
Fax: 908-325-6187
E-mail: tom@tmgrassolaw.com
Attorneys for Plaintiff

JUDGE OETKEN



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
HARTFORD FIRE INSURANCE COMPANY a/s/o
BON WORTH, INC.,

     Plaintiff,

     -against-

M/V MARE LYCIUM and M/V SYDNEY, *in rem*,

     -and-

MSC MEDITERRANEAN SHIPPING
COMPANY, S.A., *in personam*,

     Defendants.
-------------------------------------------------------------X

Docket No. 14 CV _____ (   )

ECF Case

**COMPLAINT**

     Hartford Insurance Company ("Hartford") a/s/o Bon Worth, Inc. ("Bon Worth"), by its

attorneys Law Offices of Thomas M Grasso LLC, alleges for its Complaint against defendant

vessels M/V MARE LYCIUM and M/V SYDNEY, in rem, and MSC Mediterranean Shipping

Company, S.A. ("MSC"), in personam, upon information and belief:

## INTRODUCTION

1.      This is an Admiralty action for breach carrier duties under the U.S. Carriage of Goods by Sea Act and maritime contracts of carriage in the aggregate amount of $124,205.53, for loss and non-delivery of cartons of women's apparel in two shipments ("the Goods") transported from Durban, South Africa, to Charleston, South Carolina, and through to Hendersonville, North Carolina.

## PARTIES

2.      Plaintiff Hartford is a Connecticut corporation with a business office located at One Hartford Plaza, Hartford, Connecticut 06155.

3.      Hartford is the subrogated marine cargo insurance underwriter of Bon Worth, Inc, the owner of the Goods that are the subject of this case, and is a real party in interest.

4.      Defendant *in rem* M/V MARE LYCIUM is an ocean container vessel bearing IMO No. 9193238 and call sign V2LY and flagged in Antigua and Barbuda, and was at all material times the carrying vessel of the Goods comprising "Shipment #1."

5.      Defendant *in rem* M/V SYDNEY is an ocean container vessel bearing IMO No. 9275385 and call sign 9VGN9 and flagged in Singapore, and was at all material times the carrying vessel of the Goods comprising "Shipment #2."

6.      Defendant MSC is a Swiss corporation with a corporate headquarters located at chemin Rieu, 12-14, 1208 Geneva, Switzerland, and a business office located at c/o Mediterranean Shipping Company (USA) Inc., 420 Fifth Avenue, 8th Floor, New York, New York 10018-2702.

7.      MSC was at all material times the Carrier of the goods, and issuer of Bills of Lading nos.  MSCUW3622120 dated July 14, 2013 ("Shipment #1") on board the vessel M/V MARE LYCIUM, and Bills of Lading nos. MSCUW3622690 dated August 5, 2013 ("Shipment

#2") on board the vessel M/V SYDNEY, covering the transportation of the Goods from Durban, South Africa (Port of Loading) to Charleston, South Carolina (Port of Discharge), and through to Hendersonville, North Carolina (Place of Delivery).

8.      MSC was at all material times the owner, operator, manager, charterer, and/or slot charterer of the Vessels M/Vs MARE LYCIUM and SYDNEY.

9.      Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the goods which are the subject of this case, as their respective interests may ultimately appear, and plaintiff is entitled to bring and maintain this case.

## JURISDICTION

10.     These claims are Admiralty and Maritime claims pursuant to Rule 9(h) of the Federal Rules of Civil Procedure, and this Court has Admiralty Jurisdiction pursuant to 28 U.S.C. §1333.

## VENUE

11.     Venue is proper in this Court because MSC's Bills of Lading at issue contain a Forum Selection Clause requiring all lawsuits against MSC to be heard exclusively in the United States District Court for the Southern District of New York.

## FACTS

### *Shipment #1*

12.     On or about July 14, 2013, defendants MSC and M/V MARE LYCIUM, were tendered, and accepted into their care, custody and control at Durban, South Africa, a consignment of four containers of women's long sleeve pullovers and pull on pants apparel in 3186 cartons ("the Shipment #1 Goods").

13. The Shipment #1 Goods were in good order and condition at the time of their tender to and acceptance by defendants MSC and M/V MARE LYCIUM into their care, custody and control for transport in Durban, South Africa.

14. On or about July 14, 2013, in consideration of an agreed freight rate, MSC issued Bill of Lading No. MSCUW3622120 covering the transportation of the Shipment #1 Goods from Durban, South Africa (Port of Loading) to Charleston, South Carolina (Port of Discharge), and through to Hendersonville, North Carolina (Place of Delivery).

15. The Shipment #1 Goods were contained within four ocean shipping Containers Nos. FSCU 9877941 with seal no. 12-201918; MEDU8462040 with seal no. 12-201915; CRXU9542926 with seal no. 12-201916; and MEDU8363941 with seal no. 12-201917 ("the Shipment #1 Containers"), which were supplied by MSC, when tendered to and accepted by defendants MSC and M/V MARE LYCIUM for transport.

16. The Shipment #1 Containers were 40-foot dry containers which, at all material times, were owned and/or leased, and maintained by defendants MSC and M/V MARE LYCIUM and/or one of their affiliated companies.

17. On or about July 14, 2013, the Shipment #1 Goods within the Shipment #1 Containers were loaded on board the Vessel M/V MARE LYCIUM at Durban, South Africa for ocean transport to Charleston, South Carolina.

18. On or about August 16, 2013, defendants MSC and M/V MARE LYCIUM discharged the Shipment #1 Containers and Goods from the vessel M/V MARE LYCIUM into the Port of Charleston, South Carolina to await delivery to Bon Worth in Hendersonville, North Carolina.

19. On or about August 16, 2013, defendants' designated trucker attempted to pick up Container No. FSCU9877941 at the Port of Charleston, whereupon the truck driver noticed that

the container was missing its seal.  The Port of Charleston detained the container and affixed a

new seal no. US-12280-BOL, an MSC seal, to the container doors.  Thereafter, the truck driver

transported the container to Bon Worth in Hendersonville, North Carolina.

20.     Upon opening container no. FSCU9877941 AT Bon Worth in Hendersonville,

North Carolina, only 325 out of 753 cartons were found within the container.  Four hundred

twenty-eight (428) cartons of Goods were short and not delivered.

21.     The original container seal, no. 12-201918 shown on MSC's Bill of Lading was

not affixed to the container doors when the container departed the Charleston, South Carolina

marine terminal.  Rather, MSC seal no. US-12280-BOL was affixed to the container doors.

22.     The cause of the loss to the Goods was MSC's and M/V MARE LYCIUM's

failure to maintain seal integrity and prevent loss throughout the entire time of their care,

custody, and control over the Shipment #1 Goods and Containers.

23.     Hartford paid a claim presented to it by its assured, Bon Worth, in the amount of

$68,566.63 for the loss and non-delivery of the Goods under Hartford Policy No. 22CP TB8932

and, as a result, is subrogated to all rights and interests of Bon Worth and is a real party in

interest and is entitled to recover for the loss and non-delivery of the Goods.

### ***Shipment #2***

24.     On or about August 5, 2013, defendants MSC and M/V SYDNEY were tendered,

and accepted into their care, custody and control, a consignment of four containers of women's

long sleeve pullovers and pull on pants apparel in 3020 cartons ("the Shipment #2 Goods").

25.     The Goods were in good order and condition at the time of their tender to and

acceptance by MSC and M/V SYDNEY into their care, custody and control for transport.

26.     On or about August 5, 2013, in consideration of an agreed freight rate, MSC

issued its Bills of Lading No. MSCUW3622690 dated August 5, 2013, covering the

transportation of the Shipment #1 Goods from Durban, South Africa (Port of Loading) to Charleston, South Carolina (Port of Discharge), and through to Hendersonville, North Carolina (Place of Delivery).

27.    The Shipment #2 Goods were contained within four ocean shipping Containers Nos. TTNU9150078 with seal no. ZA12-201871; MSCU8611492 with seal no. ZA12-201890; MEDU8315603 with seal no. ZA12-201863; and CLMU8635740 with seal no. ZA12-201862 ("the Shipment #1 Containers"), which were supplied by MSC, when tendered to and accepted by defendants MSC and M/V SYDNEY for transport.

28.    The Shipment #1 Containers were 40-foot dry containers which, at all material times, were owned and/or leased, and maintained by defendants MSC and M/V MARE LYCIUM and/or one of their affiliated companies.

29.    On or about August 4, 2013, the Shipment #2 Goods within the Shipment #2 Containers were loaded on board the Vessel M/V SYDNEY at Durban, South Africa for ocean transport to Charleston, South Carolina.

30.    On or about August 31, 2013, MSC and M/V SYDNEY discharged the Shipment #2 Containers and Goods from the vessel M/V SYDNEY into the Port of Charleston, South Carolina to await delivery to Bon Worth in Hendersonville, North Carolina.

31.    On or about August 31, 2013, defendants' designated trucker picked up Container No. MSCU8611492 at the Port of Charleston and transported it to Bon Worth in Hendersonville, North Carolina, whereupon it was noticed that the container was missing its seal.

32.    Upon opening container no. MSCU8611492 at Bon Worth in Hendersonville, North Carolina, only 318 out of 757 cartons were found within the container. Four hundred thirty-nine (439) cartons of Goods were short and not delivered.

33.     The original container seal, no. ZA12-201890 shown on MSC's Bill of Lading was not affixed to the container doors when the container arrived and opened at Bon Worth in Hendersonville, North Carolina.

34.     The cause of the loss to the Goods was MSC's and M/V SYDNEY's failure to maintain seal integrity and prevent loss throughout the entire time of their care, custody, and control over the Shipment #2 Goods and Containers.

35.     Hartford paid a claim presented to it by its assured, Bon Worth, in the amount of $52,456.36 for the loss and non-delivery of the Goods under Hartford Policy No. 22CP TB8932 and, as a result, is subrogated to all rights and interests of Bon Worth and is a real party in interest and is entitled to recover for the loss and non-delivery of the Goods.

## FIRST CAUSE OF ACTION

36.     Plaintiff repeats, realleges, and incorporates by reference each and every allegation set forth in paragraphs 1 to 35, inclusively.

37.     Defendants MSC, M/V MARE LYCIUM, and M/V SYDNEY, as carriers, had duties under the Bills of Lading and the U.S. Carriage of Goods by Sea Act ("COGSA") to properly and carefully to load, handle, stow, carry, keep, care for, discharge, and deliver the Goods carried in the same good order and condition as when tendered to and accepted at Durban, South Africa.

38.     Defendants MSC, M/V MARE LYCIUM, and M/V SYDNEY, as carriers, breached their duties to properly and carefully to load, handle, stow, carry, keep, care for, discharge, and deliver the Goods carried in the same good order and condition as when tendered and accepted at Durban, South Africa, and failed to maintain seal integrity and deliver the same number of cartons as tendered to and accepted.

39.     Defendants MSC, M/V MARE LYCIUM, and M/V SYDNEY, as carriers, had duties under the Bills of Lading and COGSA to exercise due diligence to make and keep the Vessels and containers seaworthy and secure, properly man, equip, and supply the Vessels, and make all parts of the Vessels carrying goods fit and safe for their reception, carriage and preservation.

40.     Defendants MSC, M/V MARE LYCIUM, and M/V SYDNEY, as carriers, breached their duties to exercise due diligence to make and keep the Vessels and containers seaworthy and secure, properly man, equip, and supply the Vessels, and make all parts of the Vessels carrying goods fit and safe for their reception, carriage and preservation.

41.     As a direct and proximate cause of Defendants MSC, M/V MARE LYCIUM, and M/V SYDNEY, breaches of their carrier duties under the Bills of Lading and COGSA, plaintiff suffered damages in the aggregate amount of $124,205.53, which was not the result of any contributing acts, omissions, negligence or breach of contract on the part of plaintiffs.

WHEREFORE plaintiff demands:

1) That Warrants of Arrest be issued for the arrest and sale of the vessels and distribution of the proceeds to plaintiff; and

2) Judgment and award in its favor and against Defendants MSC and M/V MARE LYCIUM for Shipment #1 in the amount of $68,566.6; and

3) Judgment and award in its favor and against MSC and M/V SYDNEY for Shipment #2 in the amount of $52,456.36; and

4) Award of prejudgment interest, costs, attorney fees, and such other and further relief as this Court deems just and proper.

Dated:  August 13, 2014

By:

Law Offices of Thomas M Grasso LLC
Attorneys for Plaintiff

Thomas M. Grasso, Esq.
8 Willow Street
Cranford, New Jersey 07016-1855
Tel: 908-514-8850
Fax: 908-325-6187
E-mail: tom@tmgrassolaw.com